**GENERAL MOTORS CORPORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE AERO-SPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL-CIO (GENERAL MOTORS CORPORATION), Respondent.**

**Nos. 16006, 16076.**

United States Court of Appeals Sixth Circuit.

April 27, 1965.

Eugene L. Hartwig, Detroit, Mich., for General Motors, Aloysius F. Power, Gen. Counsel, Detroit, Mich., on the brief, Harry S. Benjamin, Jr., K. Douglas Mann and George Cherpelis, Detroit, Mich., of counsel.

Marion Griffin, N.L.R.B., Washington, D. C., for N.L.R.B., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Stephen Goldberg, Atty., N.L.R.B., Washington, D. C., on the brief.

Kenneth M. Schwartz, Arnold, Smith & Schwartz, Los Angeles, Cal., for International Union.

Before WEICK, Chief Judge, and CECIL and PHILLIPS, Circuit Judges.

WEICK, Chief Judge.

These cases, like Armco Steel Corp. v. NLRB, 6 Cir., 344 F.2d 621 decided April 27, 1965, present the question as to the validity of a no-distribution provision in a collective bargaining agreement. Unlike Armco, no rival union was involved.

The charges on which the complaints issued, were made by an employee. The Board found that General Motors and the International Union respectively violated Sections 8(a) (1) and 8(b) (1) (A) of the Act by maintaining a contract prohibiting the distribution of literature on company premises without making any exception that would permit employee distribution on behalf of a rival labor organization during non-working time in non-working areas.

The Board issued a cease and desist order which is reported at 147 NLRB No. 59. One member concurred in part and dissented in part. Another member dissented in part.

No claim was made that the no-distribution clause was not uniformly enforced against all employees or that there was any discrimination or coercion on the part of either General Motors or the Union. Nor was it contended that employees desiring to distribute literature did not have adequate alternative means.

The Board held that the no-distribution clause was a per se violation of Sections 8(a) (1) and 8(b) (1) (A) of the Act. Its decision was based on its holding in Gale Products, reported in 142 NLRB 1246.

The Union filed no brief in this Court and did not participate in the oral argument.

For the reasons stated in Armco, we hold that the no-distribution clause did not violate these two Sections of the Act.

The order of the Board is set aside in each case.